NO. _____ FILED
A.M. _____ P.M. _____

OCT 3 1 2014

CHRISTOPHER D. RICH, Clerk
By PATRICK McLAUGHLIN
DEPUTY

Eric R. Clark, Esq.
CLARK & ASSOCIATES, ATTORNEYS
P.O. Box 2504
Eagle, ID 83616
Office: (208) 830-8084
Fax: (208) 939-7136
Idaho State Bar No. 4697

Attorney for Plaintiffs

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT
OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | |
|---|---|
| Eric R. CLARK, Attorney at Law, and Clark & Associates, PLLC,<br><br>Plaintiffs,<br><br>vs.<br><br>Jeffrey J. PODESTA, individually, and as the agent of Street Search, LLC, and Street Search LLC, a New Jersey, limited liability company,<br><br>Defendants. | Case No. CV – OC _____<br><br>CV OC 14 20804<br><br>**COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

The Plaintiffs, by and through counsel, hereby file their complaint, and complain and alleges as follows:

## PARTIES AND JURISDICTION

1. This is an action by an attorney and law firm to recover attorney fees owed.

2. At all times relevant to these proceedings Plaintiff Eric R. Clark, was a resident of Ada County, Idaho and was an attorney licensed to practice law in Idaho.

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

3. At all times relevant to these proceedings Plaintiff Clark and Associates, PLLC, was Professional Limited Liability Company registered in Idaho.

4. At all times relevant to these proceedings, Defendant Jeffrey J. Podesta, was a resident of New Jersey.

5. At all times relevant to these proceedings, Defendant Street Search, LLC, was a Limited Liability Company registered in New Jersey. Both Defendants are hereinafter collectively referred to as "Podesta."

6. Jurisdiction is proper in Idaho according to I.C. § 5-514 as the Defendants contacted Clark, an Idaho Attorney, in Idaho for legal representation involving an Idaho case in which Podesta and Street Search were named defendants. Accordingly, the contract at issue was formed in Idaho. Additionally Podesta committed tortuous conduct within this State of Idaho.

## FACTS AND ALLEGATIONS

7. Podesta contacted Clark in September 2010 regarding a case filed in Ada County, Idaho against Podesta and Street Search, Podesta's New Jersey LLC.[1] (The *Profits Plus v. Podesta* action.) Podesta retained Clark to attempt to get the default already entered overturned, and to pursue the defense and to file counterclaims against the Plaintiffs if the default was reversed.

8. In the *Profits Plus v. Podesta* action Podesta contended he had an agreement with Robert Coleman regarding 50% ownership in a hedge fund. Coleman sued in Idaho, asserted Idaho jurisdiction was proper, and sought a declaratory judgment that no such agreement existed.

9. Clark agreed to a partial contingency fee contract based on Mr. Podesta's representation he had no funds to pay an hourly fee due in substantial part to Coleman's alleged

---

[1] *Profits Plus Capital Management, LLC, et al v. Podesta, et al*, Ada County Case No. CV OC 1014540.

COMPLAINT AND DEMAND FOR JURY TRIAL - 2

fraud, and that Podesta's share of the hedge fund likely exceeded $5,000,000.00. Clark also inquired as to whether Podesta had ever been involved as a defendant in any civil or criminal proceedings regarding securities violations or fraud. Podesta assured Clark that Podesta had not been involved in any such cases.

10. The Clark-Podesta partial contingency fee agreement contained the language: "Prior to settlement or completion of trial, Attorney may withdraw either with Clients' consent or upon reasonable notice to Clients, for good cause, including, but not limited to, breach of Clients' obligation to timely pay attorney fees or Clients' failure to cooperate with Attorney regarding a material issue in this case."

11. The *Profits Plus v. Podesta* case was hotly contested, but the parties ultimately met to mediate in January 2012 with retired District Judge Ron Schilling. Notwithstanding there was no written contract or agreement containing the terms Podesta claimed Coleman had promised Podesta, Coleman offered a substantial portion of Podesta' alleged damages to settle the case. Despite advice from Mr. Podesta's east coast counsel, his Idaho Counsel and a seasoned District Judge, Podesta refused to accept the settlement. Based on the terms of the settlement and the partial contingency fee agreement, Clark's share of the settlement funds would have been over $100,000.00.[2]

12. Just prior to the mediation, the Plaintiffs had requested Podesta's financial information related to his past earnings. Coleman contended this information was material and relevant to support Podesta's claim that he was very successful at raising investment money for other funds. Upon inspection of Podesta's financial records, Clark discovered that contrary to Podesta's claim he was insolvent due to the Plaintiffs' conduct, Podesta was earning a substantial

---

[2] At that time, Clark's accumulated hourly fees exceeded this figure.

COMPLAINT AND DEMAND FOR JURY TRIAL - 3

monthly income. Clark also learned just prior to mediation that the value of the fund in question likely was closer to the 1-2 million dollar range; not the 10 million dollar figure Podesta had represented initially to Clark.

13. During the mediation, Clark indicated to Podesta that he was considering exercising his contractual right to withdrawal because it appeared that Podesta's course of action in refusing to accept the settlement as presented was unwise under the circumstances. Clark also expressed his concern that the value of the fund was substantially less than Podesta had initially represented. In response, Podesta promised Clark that Podesta would pay Clark's accumulated hourly fees regardless of the outcome at trial. Based on Podesta's promise, Clark did not withdraw and proceeded to represent Podesta through trial, which concluded on February 17, 2012. The total attorney fees due after trial was $129,576.76, which included deductions for payments Podesta had made to Clark.[3]

14. The case proceeded to trial beginning February 6, 2012 and continued for eight days, during the trial, over objections, the Plaintiffs were allowed to introduce evidence from Complaints and consent judgments from two fraud cases in which Podesta was a named defendant.[4] Podesta never told Clark about these cases prior to trial, although Clark had specifically inquired about such proceedings in September 2010 when the parties first met.

---

[3] Clark continued to represent Podesta during post-judgment proceedings and on appeal and Clark charged and Podesta paid an hourly attorney fee for this representation.

[4] In *MLS Enterprises v. Street Search, et al*,[4] filed March 26, 2003 in United States District Court for the Southern District of New York, against Podesta and Podesta's companies, the Plaintiffs alleged fraud and misrepresentations in the sale of securities. Consent Judgment entered on November 5, 2003 obligating Podesta and his companies to pay the Plaintiffs $360,000.00 plus statutory interest.

In *A&R Investment Associates, L.P. et al. v. Street Search Advisors, LLC, Street Search partners, LLC and Jeffrey J. Podesta*,[4] filed on March 19, 2004 in the United States District Court for the District of New Jersey, the Plaintiffs alleged that Podesta had committed fraud in the sale of securities and common law fraud and conversion. Podesta agreed to entry of a consent judgment in the amount of $881,322.14.

COMPLAINT AND DEMAND FOR JURY TRIAL - 4

Undeniably, such derogatory information did not help Podesta's case and the jury ruled against Podesta and Street Search.

### First Cause of Action – Fraud in the Inducement

15. Clark hereby includes and incorporates all prior statements of facts or allegations as if set forth herein.

16. In order to obtain Clark's agreement to represent Podesta based on a partial-contingency fee basis, Podesta represented to Clark that Podesta did not have the financial resources to pay Clark's hourly fee, that the value of Podesta's interest in the fund was at least $5,000,000.00, and that Podesta had never been involved in litigation related to allegations of Podesta's fraud or securities violations. Additionally, at mediation, Podesta represented to Clark that if Clark continued to represent Podesta that Podesta would pay Clark's hourly attorney fees through trial.

17. These representations were false.

18. These representations were material as they formed the bases for Clark to accept the case on a partial contingency fee and for Clark to continue to represent Podesta after mediation.

19. Podesta knew these statements were false.

20. Podesta intended for Clark to rely on Podesta's false statements and for Clark to perform the promised legal representation based on these false promises.

21. Clark was not aware Podesta's statements were false, but relied on and had a right to rely on Podesta's statements because Podesta appeared to be a legitimate businessman.

22. As a direct and proximate result of Podesta's fraudulent statements, Clark suffered damages of $129,576.76 as of February 26, 2012, plus accumulating prejudgment interest.

### Second Cause of Action – Breach of Contract

23. Clark hereby includes and incorporates all prior statements of facts or allegations as if set forth herein.

24. The Parties had a written partial-contingency fee agreement which was replaced and supplanted by an oral agreement at mediation for Podesta to pay Clark an hourly attorney fee regardless of the outcome of trial.

25. Podesta breached the oral agreement to pay Clark's hourly fees because after Podesta' appeal was unsuccessful, Podesta refused to respond to Clark's demand for payment.

26. As a direct and proximate result of Podesta's breach, Clark suffered damages of $129,576.76 as of February 26, 2012, plus accumulating prejudgment interest.

### Third Cause of Action – Breach of Contract

27. Clark hereby includes and incorporates all prior statements of facts or allegations as if set forth herein.

28. The parties had a written attorney fee agreement for Clark to represent Podesta during the appeal and during the motion for rehearing.

29. Podesta paid all but $3,000.00 of Clark's fees,. However, after Podesta's petition for rehearing was denied, Podesta refused to pay the Clark the outstanding balance of $3,000.00.

30. As a direct and proximate result of Podesta's breach, Clark suffered damages of $3,000.00 as of October 1, 2014, plus accumulating prejudgment interest.

## ATTORNEY FEES

31. The Plaintiffs were required to hire and retain legal counsel to pursue this claim and are therefore entitled to attorney fees according to contract, to Idaho Code §§ 12-120, 12-121, and the Idaho Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for judgment against the Defendants as follows:

1. For Judgment to enter on all Counts again the Defendants.

2. For Judgment against each Defendants jointly and severally in the amount of $129,576.76 as of February 26, 2012, plus accumulating statutory prejudgment interest.

3. For Judgment against each Defendant jointly and severally in the amount of $3,000.00 as of October 1, 2014, plus accumulating prejudgment interest For Judgment,

4. For Judgment requiring the Defendants to pay attorney fees and litigation costs to the Plaintiffs of not less than $10,000.00 in the event default is obtained and default judgment is entered, and the actual amount of attorney fees and litigation costs the Plaintiffs incur if this matter is contested;

5. For such other relief the Court determines is appropriate and proper under the circumstances.

DATED this 31st day of October 2014.

CLARK & ASSOCIATES, ATTORNEYS

Eric R. Clark
For the Plaintiffs

COMPLAINT AND DEMAND FOR JURY TRIAL - 7