IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

ERIC R. CLARK, et al.,

                    Plaintiff,

vs.

JEFFREY J. PODESTA, et al.,

                    Defendants.

Case No. 1:15-cv-0008-EJL-CWD

SCHEDULING ORDER

---

With consideration being given to the agreements reached by the parties as set forth in the Litigation Plan Form and the Court being fully advised in the premises,

     **NOW THEREFORE, IT IS HEREBY ORDERED:**

     <u>**Disclosure of Experts:**</u>  The Plaintiffs shall disclose expert witnesses and the expected testimony of those witnesses on or before **August 21, 2015**. The Defendants shall disclose expert witnesses and the expected testimony of those witnesses on or before **September 21, 2015**. All rebuttal experts shall be disclosed on or before **October 6, 2015**.

     <u>**Rules Governing Disclosures of Expert Witnesses**</u>: Within the deadlines for the disclosure of expert witnesses set out above, the parties shall also provide, for each expert disclosed, the report described in Fed. R. Civ. P. 26 (a)(2)(B), as modified by Local Rule 26.2(b). Supplementation to the expert witness report shall be done in accordance with Fed. R. Civ. P. 26(e)(1). Pursuant to Local Rule 26.2(b), expert witnesses will not be allowed to offer any opinion not disclosed in the mandatory Rule 26 disclosures, supplementation, or deposition. This includes rebuttal experts. No undisclosed expert rebuttal opinion testimony will be allowed at trial.

SCHEDULING ORDER - Page 1
15ORDERS\clark_so15cv08.WPD

**Amendment of Pleadings, Joinder of Parties and Pre-ADR Discovery**: All amendments of pleadings, joinder of parties, except for allegations of punitive damages, and pre-alternative dispute resolution (ADR) discovery shall be completed on or before **September 21, 2015**. This deadline shall only be extended for good cause shown. All parties are entitled to know the claims and parties well before trial. Although this deadline precedes the general discovery deadline, the parties are directed to send out all discovery requests that might relate to amendment, joinder or ADR well in advance of this deadline to obtain the responses needed to make an informal decision on amendment, joinder and/or resolution.

**ADR Conference:** The parties who have settlement authority shall participate in **mediation** on or before **August 21, 2015**. The parties shall file with the court a joint written statement regarding the efforts and progress made towards settlement within **seven (7) days** after mediation is complete. The report shall also state the parties' estimated trial time. All proceedings in a mediation session are confidential and privileged from discovery.

The parties may contact the ADR Coordinator, at 208-334-9067, who will provide information regarding the selection of a neutral, qualified mediator. The selected mediator will make the discretionary determination as to the exact date of the mediation session based upon the particular circumstances of the case and input from the respective parties. The mediator will also determine whether any follow-up mediation sessions are necessary.

Named parties shall be present during the entire mediation process in accordance with Section (m) of the Mediation Program Procedures for the District of Idaho. The parties shall make independent arrangements for payment of fees for the mediation. The costs of mediation are to be divided and borne equally by the parties unless agreed otherwise.

**Final Discovery:** All discovery, including all depositions (discovery and trial), shall be completed on or before **October 21, 2015**. Discovery and deposition requests must be made far enough in advance to allow for completion in accordance with the applicable federal rules prior to the discovery cut-off date. Failure to comply with this deadline may result in the exclusion of evidence at trial.

**Pre-Trial Motions:**    All pre-trial motions, if any, shall be filed with the accompanying briefs on or before **November 20, 2015**. Responsive briefing due date shall be those set forth in Local Rule 7.1.

Motions in limine, if any, shall be filed thirty (30) days prior to trial.  Response to motions in limine, if any, shall be filed within fourteen (14) days from the filing of the motion.

The Court, upon a review of the pending motions, will determine whether a hearing is necessary.

**Witness Lists:**  Witness lists shall be filed fourteen (14) days prior to trial, unless otherwise ordered or agreed upon.  Witness lists shall contain the material listed in Fed. R. Civ. P. 26(a)(3)(A)&(B), and shall include a brief description of  the subject matter of the witnesses' expected testimony.

**Exhibits and Exhibit Lists:**  Exhibit list shall be exchanged between the parties and submitted  to the Court within fourteen (14) days prior to trial.  The exhibit lists shall follow the guidelines set out in Local Rule 16.3.  Plaintiff's Exhibits should be numbered and listed starting with "1."  Defendant's Exhibits should be numbered and listed starting with "200". If either side has  multiple parties or numerous exhibits, contact the Courtroom Deputy for number assignments.  Each exhibit should be labeled with a color-coded sticker. (Yellow for plaintiff; blue for defendant.  Stickers are available at the Clerk's Office.)  The number of the exhibit and number of the case should be on all exhibits.  A copy of the exhibits should be delivered to opposing counsel. A set of originally marked exhibits and a copy of the exhibit list shall also be delivered to the Courtroom Deputy on the day of trial, along with two complete sets of exhibit copies and exhibit lists for use of the Court and staff attorney. Impeachment exhibits will be marked, sealed and delivered only to the Court.  Except for good cause shown, no exhibits or testimony will be received in evidence at trial unless presented in accordance with this order.

**Pre-Trial Briefs:** Trial briefs shall be exchanged between the parties and submitted to the Court within fourteen (14) days prior to trial. The Court is to be advised and briefed on all anticipated evidentiary problems <u>before</u> trial; no motions will be heard on the morning of a trial unless approved by the court in advance.

**Jury Instructions:** All proposed jury instructions are required to be filed and served at least fourteen (14) days prior to trial. The proposed jury instructions shall follow the guidelines set forth in Local Rule 51.1. Proposed jury instructions shall also be provided to chambers by sending a "clean" set without cites or numbers, in a Wordperfect or Word compatible document, to EJL_Orders@id.uscourts.gov .

**Proposed Voir Dire:** All proposed voir dire questions are to be filed at least fourteen (14) days prior to trial. The Court will conduct voir dire of the jury panel. Counsel will be allowed to briefly question the jury panel following the Court's voir dire.

**Trial Date:** A **jury trial** shall begin on **May 17, 2016, at 9:30 a.m.** in the Federal Courthouse in **Boise**, Idaho.[1] The trial is tentatively scheduled for four (4) days. Thereafter, the trial shall be conducted from 9:00 a.m. to 4:00 p.m. A continuance for reason will be granted only upon a showing of extraordinary circumstances.

**Court Trial Requirements:** If the matter to be tried is changed to a court trial, suggested Findings of Fact and Conclusions of Law are to be submitted at least fourteen (14) days before trial. Attach an index directing the Court's attention to the evidence that will support the proposed findings or conclusions of law. A stipulation on all non-contested issues should accompany these documents.

**Courtroom Conduct and Procedure:** When appearing in this Court, all counsel (including, where the context applies, all persons at counsel table) shall abide by the following rules. Failure to abide may result in sanctioning by the Court:

1.      Stand as Court is opened, recessed or adjourned.

2.      Stand when jury enters or retires from the courtroom.

---

[1] The parties are further advised that criminal matters may also be set on that date, which would supersede all civil settings; however, civil matters would commence in the order set at the conclusion of any criminal proceedings, if time allows.

15ORDERS\clark_so15cv08.WPD

3. Stand when addressing the Court. When making an objection, stand and state only the legal basis for the objection. If a response is necessary, be brief, without making a speech. If it is **critical** to the case that counsel be heard in more detail, a bench conference may be called to explain the basis for an objection. Otherwise, bench conferences will not be permitted.

4. Stand at the lectern while examining any witnesses; except that counsel may approach the witness for purposes of handling or tendering exhibits, with Court approval.

5. Stand at the lectern while making opening statements or closing arguments.

6. Address all remarks to the Court, not to opposing counsel.

7. Avoid disparaging personal remarks or acrimony toward opposing counsel and remain wholly detached from any ill feelings between the litigants or witnesses.

8. Refer to all persons, including witnesses, other counsel and the parties by their surnames and not by their first or given names.

9. Only one attorney for each party shall examine or cross examined each witness. The attorney stating objections, if any, during direct examination, shall be the attorney recognized for cross examination.

10. Prior to testifying, counsel shall place before the witness all exhibits to which he or she will testify.

11. Diagrams or exhibits should be drawn or marked by the witness before taking the stand.

12. Any witness testifying at the time of recess or adjournment must be back on the witness stand when the Court reconvenes. If a new witness is to be called, he/she must be standing in front of the witness box ready to be sworn.

13. In examining a witness, counsel shall not repeat or echo the answer given by the witness.

14.     Gestures, facial expressions, audible comments, or the like, as manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are absolutely prohibited.

DATED:  **February 19, 2015**

Honorable Edward J. Lodge
U. S. District Judge