## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

ERIC R. CLARK, attorney at law; and
CLARK & ASSOCIATES, PLLC,

        Plaintiffs,

     v.

JEFFERY J. PODESTA, individually
and as the agent of Street Search, LLC;
and STREET SERACH, LLC, a New
Jersey limited liability company,

        Defendants.

Case No. 1:15-CV-0008-EJL-CWD

**MEMORANDUM DECISION AND
ORDER**

## INTRODUCTION

Pending before the Court in the above-entitled matter are Plaintiffs' Motion

for Partial Summary Judgment and Defendants' Motion for Summary Judgment.

The parties have filed their responsive briefing and the matter is now ripe for the

Court's review.  Having fully reviewed the record herein, the Court finds that the

facts and legal arguments are adequately presented in the briefs and record.

Accordingly, in the interest of avoiding further delay, and because the Court

conclusively finds that the decisional process would not be significantly aided by

oral argument, these motions shall be decided on the record before this Court

without oral argument.

## FACTUAL AND PROCEDURAL BACKGROUND

The complete procedural background and facts of this case are established in the Report and Recommendation ("Report") issued by Magistrate Judge Candy W. Dale relating to Defendants' Motion to Dismiss.  (Dkt. 27.)  The Report adopts the record in the light most favorable to Plaintiffs, and this Court incorporates the same in this order, with the exception of those additional facts relevant to the parties' motions for summary judgment.  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986) (weighing the evidence and drawing inferences from the facts "are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict. The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.").  *See also Hughes v. U.S.*, 953 F.2d 531, 541 (9th Cir. 1992).

Plaintiffs Eric Clark and his law firm, Clark & Associates, PLLC (collectively "Clark") initiated this lawsuit against Jeffery Podesta—both individually and as the agent of Street Search, LLC, which is also a named defendant (collectively "Podesta")—on claims of fraud and breach of contract. The claims arise out of Podesta's alleged failure to pay Clark attorney fees pursuant to an Idaho state court action in which Clark represented Podesta.[1]  In

---

[1] See *Profits Plus Capital Management, LLC, et al v. Podesta, et al*, Case No. CV OC 1014540, filed July 22, 2010 in the District Court of the Fourth Judicial District of the State of Idaho.

September of 2010, Podesta contacted Clark regarding representation.  In the initial interview between Clark and Podesta, prior to signing any agreement, Podesta described the case to Clark.  Podesta contended he had an arrangement with Robert Coleman, a plaintiff in the state court action, regarding fifty percent ownership of a hedge fund, describing the value of his share of the hedge fund as approximately five million dollars.  The state court had entered a default judgment in favor of Coleman.  Podesta sought Clark's representation to set aside the default judgment, and if default was set aside, to pursue a defense and file counterclaims against Coleman in the state court action.

In September 2010, the initial attorney client agreement was for Podesta to pay a retainer of $2,500 and $200 an hour for Clark's attorney time.  Later in November 2010, the parties agreed to a partial contingency fee, and Clark alleges Podesta (1) stated he did not have funds to pay an hourly fee, (2) estimated the value of his share of the hedge fund to exceed five million dollars, and (3) claimed to have never been involved in any prior criminal or civil proceeding.  (Dkt. 1-4, ¶ 9.)  Based on this information, Clark agreed to represent Podesta on a partial contingency fee basis.  The Attorney Representation Agreement-Partial

Contingency Fee Agreement ("Agreement 1") signed on January 10, 2011,[2]

included the following language:

> Prior to settlement or completion of trial, Attorney may either withdraw with
> Clients' consent or upon reasonable notice to Clients, for good cause,
> including, but not limited to, breach of Clients' obligation to timely pay
> attorney fees or Clients' failure to cooperate with Attorney regarding a
> material issue in this case.

(Dkt. 22-1.)

The parties were scheduled to mediate in January of 2012. Just prior to

mediation, plaintiffs in the state lawsuit requested financial records of Podesta's

past earnings. Upon inspection of Podesta's financial records, Clark discovered

that Podesta was earning a substantial monthly income. He also learned that the

value of the hedge fund in question was likely closer to the one or two million

dollar range, rather than the five million dollar range Podesta previously

represented at the time Clark was first retained.

During the mediation, Coleman offered to settle the case notwithstanding

there was no written agreement that existed between Podesta and Coleman

regarding the hedge fund. Clark, Podesta's co-counsel,[3] and the mediator all

advised Podesta it would be wise to accept the settlement offer, but Podesta

rejected the offer. During this time, Clark indicated to Podesta that he was

---

[2] It is not clear in the record why the parties waited until January of 2011 to sign the initial partial contingency fee agreement.

[3] Podesta was represented by two attorneys in the state lawsuit. Clark served as Podesta's local Idaho counsel; the other attorney, Gary Schafkopf, was admitted *pro hac vice* in the litigation.

considering withdrawing as counsel because he found Podesta's rejection of the settlement offer unwise.  Clark also expressed his concerns to Podesta that the value of the hedge fund was substantially less than Podesta initially represented.

In response, Clark alleges Podesta made a promise to Clark to pay his accumulated hourly fees regardless of the outcome of trial, orally modifying the initial written partial contingency fee agreement.  Clark maintains he and Podesta agreed to the modification of Agreement 1 such that Clark would continue to represent Podesta and he would bill his time at the hourly rate of $200.  Podesta maintains that there was no modification to Agreement 1 and that Clark's trial representation was pursuant to the partial contingency fee due upon recovery expressly state in Agreement .  Podesta also submitted emails from Clark that arguably acknowledge the trial representation was based on Agreement 1.[4]

On February 6, 2012, the case went to trial.  Over Clark's objections, the court admitted evidence offered by plaintiffs of complaints and a consent judgment from two fraud cases in which Podesta was a named defendant.[5]  This was the first

---

[4] Strangely, this fact was found in Podesta's Affidavit filed with his response to Clark's partial motion for summary judgment on Count III.  (Dkt. 69.)  The evidence was not timely filed by Podesta for consideration on Defendants' Motion for Summary Judgment as any reply was due 14 days after Plaintiffs' response was filed.  Loc. Civ. R. 7.1(b).  The Court acknowledges this evidence as it clearly supports the denial of the Defendants' Motion for Summary Judgment as material facts are disputed.

[5] In *MLS Enterprises v. Street Search, et al*, filed March 26, 2003 in United States District Court for the Southern District of New York, plaintiffs alleged fraud and misrepresentations in the sale of securities. A consent judgment was entered, which obligated Podesta and his companies to pay plaintiff $360,000.00 plus statutory interest. In *A&R Investment Associates, L.P. et al v.*

time Clark learned of these other proceedings.  The jury's verdict was adverse to Podesta.  The total hourly attorney's fees due to Clark after trial and post-trial motions equaled $129,576.76, which included deductions for payments previously made to Clark by Podesta.

Clark agreed to represent Podesta through his appeal of the state lawsuit, and billed Podesta an hourly fee for this representation pursuant to a new written fee agreement, Modification of Attorney Representation ("Agreement 2").  (Dkt. 69-1, Ex. C.)[6]  In a June 2012 email, Clark offered a flat fee of $40,000 for the appeal.  (Dkt. 69-1, Ex. D.)  Clark claims Podesta agreed to the flat fee and made regular payments.  The balance due on the appeal flat fee is the $3,000 Clarks seeks to recover in Count III.[7]

Upon completion of the appeal, Clark demanded payment for his accumulated attorney's fees from trial based on the oral modification of Agreement 1 in addition to the remaining $3,000 fees owed pursuant to Agreement 2.  Podesta refused to respond to Clark's demands.

---

*Street Search Advisors, LLC, et al*, filed on March 19, 2004, in the United States District Court for the District of New Jersey, plaintiffs alleged Podesta committed fraud in the sale of securities and common law fraud conversion. Podesta agreed to entry of a consent judgment for $881,332.14.

[6] The Court notes the copy submitted by Podesta is not signed by Podesta, but Podesta does not appear to challenge that Agreement 2 was executed by the parties.
[7] The Court notes while Clark provided the billing records for his trial representation, no billing records for the appeal representation were submitted with Clark's Motion for Partial Summary Judgment.

Clark filed this lawsuit on October 31, 2014, in the District Court of the Fourth Judicial District of the State of Idaho to recover his accumulated attorney's fees, prejudgment interest, and attorney's fees and costs in this matter. Clark asserts three state-law causes of action: (1) fraud in the inducement ("Count I"); (2) breach of the oral modification to Agreement 1 ("Count II"); and (3) breach of Agreement 2 ("Count III"). On January 8, 2015,[8] Podesta filed a motion to dismiss under both Rule 12(b)(2) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. On September 29, 2015, this Court adopted the Magistrate Judge's Report, denying Podesta's Motion to Dismiss. Clark thereafter filed a Motion to Amend the Complaint to add a claim for punitive damages. On February 2, 2016, Clark filed a Motion for Partial Summary Judgment as to Count III of the Complaint. On February 9, 2016, Podesta filed a Motion for Summary Judgment as to all counts of the Complaint.

## STANDARD OF REVIEW

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56 provides that the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.

---

[8] Podesta was served by notice of publication and did not receive notice of the Complaint until January 2, 2015.

The Supreme Court has made it clear that under Rule 56 summary judgment is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element which is essential to the non-moving party's case and upon which the non-moving party will bear the burden of proof at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the non-moving party fails to make such a showing on any essential element, "there can be no 'genuine issue of material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323.

Moreover, under Rule 56, it is clear that an issue, in order to preclude entry of summary judgment, must be both "material" and "genuine." An issue is "material" if it affects the outcome of the litigation. *S.E.C. v. Seaboard Corp.*, 677 F.2d 1289, 1293 (9th Cir. 1982). An issue, before it may be considered "genuine," must be established by "sufficient evidence supporting the claimed factual dispute ... to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir. 1975) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co., Inc.*, 391 U.S. 253, 289 (1968)). The Ninth Circuit cases are in accord. *See, e.g., British Motor Car Distrib. v. San Francisco Automotive Indus. Welfare Fund*, 882 F.2d 371, 374 (9th Cir.1989).

According to the Ninth Circuit, in order to withstand a motion for summary judgment, a party:

> (1) must make a showing sufficient to establish a genuine issue of fact with respect to any element for which it bears the burden of proof; (2) must show that there is an issue that may reasonably be resolved in favor of either party; and (3) must come forward with more persuasive evidence than would otherwise be necessary when the factual context makes the non-moving party's claim implausible.

*Id*. at 374 (citation omitted).

Of course, when applying the above standard, the court must view all of the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986); *Hughes v. U.S.*, 953 F.2d 531, 541 (9th Cir.1992).

## ANALYSIS

### 1. Defendants' Motion for Summary Judgment

Podesta's motion for summary judgment seeks dismissal of all claims raised against Defendants in the Complaint.  (Dkt. 48-2.)  Podesta first argues Clark has not provided any record support of his claims and contentions.  (*Id.* at p. 2.)  Alternatively, Podesta argues the parol evidence rule and public policy should preclude the admission of Clark's assertions.  (*Id.*)  Lastly, Podesta argues Clark's damages are speculative.

9

Clark counters: (1) he has offered facts in his declarations that establish a *prima facie* case for each of the three claims, (2) Podesta has misstated the parol evidence rule and the Court has already rejected Podesta's public policy argument, (3) Clark's failure to conduct discovery is irrelevant, and (4) Clark is competent to testify to his billings.[9]  (Dkt. 53.)

### a. Record Support of Clark's Claims

Podesta cites Federal Rule of Civil Procedure 56(e), stating that in order to survive summary judgment, a "[p]laintiff must offer specific material facts that would be admissible at trial and that contradict a Movant's assertion that no genuine issue is in dispute."  (Dkt. 48-1, p. 2.)  A party can do this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  Fed. R. Civ. P. 56(c)(1)(A).

Podesta alleges Clark has fallen short of the Rule 56 standard by pointing to his deposition of Clark, wherein Clark reaffirmed his claims that Podesta verbally agreed to convert Agreement 1 to a billable hour contract.  Podesta argues Clark falls short of the standard by failing to produce further evidence of the alleged oral

---

[9] Podesta did not file a reply to Clark's response.

modification.[10]  In making that argument, however, Podesta apparently overlooks the declarations that Clark has filed with the Court.  Most notably, Clark's declaration in support of his motion to add punitive damages clearly asserts facts to support each element of his claims.  (Dkt. 44-3.)  Clark has also submitted as exhibits his time sheets for trial services rendered and a copy of the email dated July 14, 2014 to Podesta and Podesta's former counsel, in an attempt to negotiate payment of services for the trial and post-trial motions.  *See* Exhibits 3 and 4 of Clark's Declaration, (Dkts. 53-6 and 53-7.)  Podesta now takes issue regarding whether there was an oral modification or any promise to pay Clark if Podesta was not successful at trial.

Clark also testified in his deposition and declarations regarding misrepresentations and omissions Podesta made to Clark to induce Clark to represent Podesta.  Podesta has not rebutted Clark's evidence that he was untruthful to Clark or exaggerated the value of his intent in the state court action, or that Podesta was unable to afford Clark's hourly rate.  Thus, in viewing the evidence in the light most favorable to the non-moving party, Clark's admissible evidence is sufficient to support genuine issues of material fact exist as to the claims of fraudulent inducement and breach of contracts by Podesta.

b.  *The Parol Evidence Rule and Public Policy*

---

[10] It is unclear to the Court what "further evidence" needs to be provided to establish an oral contract modification than the testimony of one of the parties to the oral agreement.

Podesta's alternative argument suggesting Clark's claims are barred by the parol evidence rule and public policy also fails to prove Podesta is entitled to judgment as a matter of law.  Podesta specifically alleges "[t]he parol evidence rule precludes any verbal agreement to modify the terms of the memorialized and intended integrated contingent fee agreement," and "public policy precludes an attorney from orally modifying a written fee agreement."  (Dkt. 48-2, p. 3.)

The only authority Podesta cites in support of his parol evidence argument is *Valley Bank v. Christensen*, 808 P.2d 415 (Idaho 1991).  Podesta alleges the decision in *Valley Bank* precludes Clark's claim that he and Podesta orally modified Agreement 1 at the state suit mediation.  (Dkt. 48-2, p.3.)  In *Valley Bank*, the Supreme Court of Idaho determined "that the parol evidence rule prevents the admission of oral testimony relating to the alleged express conditions precedent."  808 P.2d at 416.  The *Valley Bank* facts are distinguishable from the facts before this Court.  Specifically, in *Valley Bank* the defendant tried to introduce extrinsic evidence of negotiations and conversations that had occurred prior and/or contemporaneously to the signing of the contract.  The court explained that "[w]here preliminary negotiations are consummated by written agreement, the writing supercedes [sic] all previous understandings and the intent of the parties must be ascertained from the writing."  *Id.* at 417 (internal quotation and citations omitted).  Here, however, Clark seeks to introduce evidence of a verbal

12

modification made a year after the signing of the existing written contract.  As Clark notes, "parties to an unperformed contract may, by mutual consent, modify the contract by altering, excising or adding provisions, and such modification may be by parol agreement though the contract is in writing."  *Great Plains Equipment, Inc. v. Northwest Pipeline Corp.*, 979 P.2d 627, 642 (Idaho 1999) (internal quotation and citation omitted).  Thus, the parol evidence rule does not prevent consideration of the alleged verbal agreement between Clark and Podesta to modify Agreement 1.

Like in his motion for default judgment, here too Podesta invokes public policy in support of his motion for summary judgment.  (*See* Dkt. 20, p. 7; Dkt. 48-2, p. 3.)  In both instances, Podesta argues "the Complaint, if allowed to proceed, contravenes Idaho Rule of Professional Conduct 1.2(a), which states that the client (rather than the attorney) is the sole determinator in the acceptance or rejection of a settlement offer." (Dkt. 27, p. 24.)  This argument misses the point.  Paragraph 6 of Agreement 1 states Clark cannot settle the case without Podesta's approval.  Clark claims Podesta has not paid his agreed upon fees pursuant to their modification.  An attorney seeking payment for services rendered is not in contravention of public policy or the Idaho Rules of Professional Conduct.

This Court has already denied Podesta's public policy claims, adopting the Report's recommendation that "[a]lthough Podesta may be able to develop and

13

present facts and law to support this contention as a defense, his argument regarding the rules of professional conduct is not ripe for the Court's determination." (*Id.* at p. 25.)  No new evidence has been provided, and Podesta wastes judicial resources by reasserting the same argument without developing or presenting any facts or law to support his contention as a defense.  Accordingly, Podesta's motion for summary judgment on parol evidence or public policy grounds is denied.

   *c.   Clark's Damages*

   Podesta further argues that because Clark has not conducted discovery, his damages are merely speculative and therefore cannot survive summary judgment.[11] In support of this argument, Podesta cites *Melaleuca, Inc. v. Foeller*, in which the Supreme Court of Idaho determined "[d]amages must be proven with reasonable certainty."  318 P.3d 910, 914 (Idaho 2014) (quoting *Gen. Auto Parts Co., Inc. v. Genuine Parts Co.*, 979 P.2d 1207, 1217 (Idaho 1999).  *Melaleuca*, however, does not support Podesta's motion for summary judgment.  In fact, the *Melaleuca* court concluded that where damages are not proven with reasonable certainty, there exists a genuine issue of material fact that ultimately precludes summary judgment. *Id.* at 916.

---

[11] Podesta fails to cite, and the Court has failed to locate, any authority that requires a Plaintiff to conduct discovery when he or she feels no discovery is needed.  Clark explained in his response memorandum why he did not depose Podesta.  (Dkt. 53, pp. 5-6.)  Based on the record before this Court, the Court agrees extensive discovery is not necessary for the claims presented.

Moreover, while Clark has not provided third-party testimony in support of his claimed damages, he has provided a complete and detailed record of his hourly billings along with declarations explaining his oral contract with Podesta.  (Dkt. 53-7.)  At trial, Clark can testify to his services provided and fees, and the question of the validity of those damages will be determined by the factfinder.  Clark has therefore created a genuine issue of material fact as to his damages, and Podesta's motion for summary judgment is denied.

### 2.  Plaintiffs' Motion for Summary Judgment on Count III

Clark's motion for partial summary judgment seeks an affirmative ruling on Count III of the Complaint.  Count III alleges Podesta owes Clark a balance of three thousand dollars as per Agreement 2.  Clark contends summary judgment is appropriate primarily because Podesta has twice admitted to owing Clark that money.  Podesta counters that Clark has not provided sufficient evidence to support the motion for summary judgment.

As Clark notes, "Rule 56(e)(3) authorizes the Court to grant summary judgment for the moving party 'if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it.'"  *Brown v. Dobler*, 2015 WL 7185432 at *3 (Idaho 2015).

In reviewing the record, the Court notes two separate instances in which

Podesta admitted to owing the $3,000 at issue in Count III.  In the first instance,

Clark's Complaint alleges

> 28. The parties had a written attorney fee agreement for Clark to represent
> Podesta during the appeal and during the motion for rehearing.  29. Podesta
> paid all but $3,000.00 of Clark's fees.  However, after Podesta's petition for
> rehearing was denied, Podesta refused to pay the Clark [sic] the outstanding
> balance of $3,000.00.

(Dkt. 1-4, ¶¶ 28-29.)  Podesta then responded in his answer to the complaint, "28.

Admitted.  29. Denied.  Mr. Podesta was willing to pay $3,000.00, the only portion

of Plaintiff's claim which is valid." (Dkt. 31, ¶¶ 28-29.)   In the second instance, in

response to Clark's claim for attorney fees, Podesta answered "[i]t is admitted that

Mr. Podesta is only responsible for the remaining $3,000.00.  It is deenied [sic]

that Mr. Podesta owes $129,576.76 in attorney fees."  (*Id.* at ¶ 31.)

Although Podesta's response to Clark's partial motion for summary

judgment alleges these were "out-of-context admissions," it is difficult to see how

a different context might alter these admissions to the extent that Podesta no longer

admits liability for the $3,000.  (Dkt. 69-2, n. 1.)  The Court has failed to locate,

and Podesta fails to cite, any authority supporting his argument that his affirmative

answer and admission to this allegation in the Complaint is insufficient for

summary judgment purposes.  Podesta also acknowledges Agreement 2 wherein he

agreed to pay Clarke $200 per hour to handle the appeal.  (Dkt. 69-1, Ex. C.)

Therefore, there is no genuine issue of material fact that remains and Clark's

motion for summary judgment is granted on Count III.

### 3. Plaintiffs' Motion to Take Judicial Notice

In his motion for judicial notice,[12] Clark requests the Court, pursuant to

Federal Rule of Evidence 201, to take judicial notice of two documents attached as

exhibits to his declaration filed in opposition to Podesta's motion for summary

judgment: (1) the Complaint filed in *A&R Investment Associates, L.P. et al v.*

*Street Search Advisors, LLC, Street Search Partners, L.P. and Jeffrey J. Podesta*,

filed March 19, 2004 in the United States District Court for the District of New

Jersey; and (2) the Complaint filed in *MLS Enterprises v. Street Search, et al*, filed

March 26, 2003 in the United States District Court for the Southern District of

New York.

Federal Rule of Evidence 201 authorizes a court to take judicial notice of

adjudicative facts so long as any such fact is "not subject to reasonable dispute

because it (1) is generally known within the trial court's territorial jurisdiction, or

(2) can be accurately and readily determined from sources whose accuracy cannot

reasonably be questioned."  Fed. R. Evid. 201.

The Court finds the complaints meet the criteria for judicial notice.  The fact

that the complaints were filed can be readily determined from the source—the New

---

[12] In the future, Clark should file a Motion for Judicial Notice separately, not as an exhibit to his memorandum.

Jersey and Southern District of New York's trial dockets—whose accuracy cannot be reasonably questioned.  Federal courts may take judicial notice of proceedings in other courts when those proceedings have a direct relation to matters at issue. *See, e.g., Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983); *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000).  Thus, this Court may take judicial notice of the complaints to the extent that they support Clark's assertion in his declaration that Podesta has been involved in other lawsuits alleging securities fraud.  While the Court cannot make determinations as to the truthfulness of the allegations put forth in either complaint, the Court will take judicial notice of both complaints as matters of public record for purposes of the motion for summary judgment.  The relevancy and admissibility of the Complaints at trial is reserved by the Court.

### 4.  Plaintiffs' Motion for Punitive Damages

The decision of whether to submit the question of punitive damages to a jury rests within the sound discretion of the trial court.  *Manning v. Twin Falls Clinic & Hospital.*, 122 Idaho 47, 52, 830 P.2d 1185, 1190 (Idaho 1992).  Therefore, this Court must determine if the record contains substantial evidence to support the reasonable likelihood of the award of punitive damages to allow the pleadings to be amended.  In considering the motion to amend for punitive damages, the Court views the facts and inferences in a light most favorable to the Plaintiffs.

The Court begins its analysis by noting that punitive damages are generally disfavored in Idaho.  *Cheney v. Palos Verdes Inv. Corp.* 104 Idaho 897, 665 P.2d 661 (1983).  An award of punitive damages requires the plaintiff to show that the defendant "acted in a manner that was an 'extreme deviation from reasonable standards of conduct, and that the act was performed by the defendant with an understanding or disregard for its likely consequences.'" *Manning* at 122 Idaho at 52, 830 P.2d at 1190 (citing *Cheney*).  The Idaho Supreme Court went on to hold that "justification for punitive damages must be that the defendant acted with an extremely harmful state of mind, whether that state be termed 'malice, oppression, fraud or gross negligence;' 'malice, oppression, wantonness;' or simply 'deliberate or willful.'" *Id.*

In support of his motion to amend, Clark highlights the following language in the Idaho Code: "[i]n any action seeking recovery of punitive damages, the claimant must prove, by clear and convincing evidence, oppressive, fraudulent, malicious or outrageous conduct by the party against whom the claim for punitive damages is asserted."  Idaho Code § 6-1604(1).

The Court acknowledges that in Idaho, "punitive damages may be awarded when the defendant has committed fraud."  *Umphrey v. Sprinkle*, 682 P.2d 1247, 1257 (Idaho 1983) (citations omitted).  Clark stated in his deposition and declarations that Podesta acted intentionally and arguably willfully in

misrepresenting or omitting material facts and his financial situation in order to convince Clark to continue representing him at trial.  (Dkt. 44-3.)

It is premature for the Court to make a binding decision on punitive damages until the close of evidence.  Only then can the Court determine if evidence has been presented that Podesta acted with the requisite state of mind to allow punitive damages to be considered by the jury.  Accordingly, the Court will allow the motion to amend the Complaint but will reserve ruling on whether such claim will be decided by the jury.

## ORDER

**IT IS HEREBY ORDERED** that:

1) Defendants' Motion for Summary Judgment (Dkt. 48) is **DENIED.**

2) Plaintiffs' Motion for Summary Judgment on the Third Cause of Action (Dkt. 47) is **GRANTED.**

3) Plaintiffs' Motion for Judicial Notice is **GRANTED.**

4) Plaintiffs' Motion to Amend Complaint to Include Punitive Damages (Dkt. 44) is **GRANTED** but whether such claim will be submitted to the jury is reserved until the Plaintiffs rest at trial.  Plaintiffs shall file the Amended Complaint with the Court within seven (7) days of receipt of this Order.

5) The trial on Counts I and II is set for November 29, 2016 at 9:30 am at

   the James McClure Federal Courthouse in Boise, ID.  Pretrial deadlines

   are set forth in the Court's Scheduling Order (Dkt. 19).


DATED: August 5, 2016

Edward J. Lodge
United States District Judge