UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERIC R. CLARK, Attorney at Law, and CLARK & ASSOCIATES, PLLC,<br><br>                Plaintiffs,<br><br>v.<br><br>JEFFREY PODESTA, individually and as the agent for STREET SEARCH LLC, a New Jersey limited lability company,<br><br>                Defendants. | Case No. 1:15-cv-00008-EJL-CWD<br><br>**ORDER RE: DEFENDANTS' MOTION TO ADJOURN TRIAL (DKT. 81)** |

      Pending before the Court is Defendants' Motion to Adjourn Trial. (Dkt. 81.) Trial is set to begin on November 29, 2016. Defendants' *pro hac vice* counsel, Matthew Weisberg, requests continuing the trial date due to a scheduling conflict. Specifically, Mr. Weisberg is scheduled to participate as a moderator at the Pennsylvania Bar Institute Legal Malpractice CLE. Mr. Weisberg also has another trial the following Monday, December 5, 2016, in Pennsylvania. Plaintiff opposes the motion and argues that Weisberg's conflicts do not provide a basis to move the trial date. For the following reasons, the Court will grant Defendants' motion.

**ORDER RE: DEFENDANTS' MOTION TO ADJOURN TRIAL - 1**

"The decision to grant or deny a requested continuance lies within the broad discretion of the district court...." *U.S. v. Flynt,* 756 F.2d 1352, 1358 (9th Cir.1985), *amended,* 764 F.2d 675. In making such a determination, four factors are considered: (1) the diligence of the moving party; (2) if the need for the continuance can be met by a continuance; (3) the extent to which a continuance would inconvenience the court and other parties; and (4) the extent to which the moving party might suffer harm if the continuance is denied. *Id.; see also Sony v. Danjag,* 263 F.3d 942, 961 (9th Cir.2001) (finding of prejudice required in order to overturn trial judge's decision to deny continuance).

The Court set the November 29, 2016 trial date when it issued its Order on the motions for summary judgment August 5, 2015. Within two weeks of receiving notice of the trial date, Mr. Weisberg notified the Court that the trial date conflicted with a CLE he is scheduled to attend and moderate the same day as trial, and also that he had another trial set to begin in Pennsylvania for the following Monday. A continuance of the trial date would address the CLE conflict, and if the continuance is not granted, Mr. Weisberg would have to conduct back-to-back trials in two different states. A short continuance would not inconvenience the Court as it has another civil case set for trial on the same date. Plaintiffs do not provide a reason in their response as to how they would be harmed if a continuance was granted.

Accordingly, the Court finds good cause to grant Defendants' motion and will continue trial. Trial set for November 29, 2016 is vacated and re-set to begin January 17, 2017, at 9:30 a.m. MST at the James McClure Federal Courthouse in Boise, Idaho.

**ORDER RE: DEFENDANTS' MOTION TO ADJOURN TRIAL - 2**

Pretrial deadlines are set forth in the Court's Scheduling Order (Dkt. 19.) No further continuances will be granted.[1]

**IT IS SO ORDERED.**

Dated: **August 31, 2016**

Honorable Candy W. Dale
United States Magistrate Judge

---

[1] Any additional conflicts related to counsels' professional responsibilities with the new trial date must be addressed with the conflicting court rather than this Court.

**ORDER RE: DEFENDANTS' MOTION TO ADJOURN TRIAL - 3**