UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERIC R. CLARK, Attorney at Law, and CLARK ASSOCIATES, PLCC,<br><br>          Plaintiffs,<br><br>v.<br><br>JEFFREY J. PODESTA, individually, and as the agent of Street Search, LLC, and STREET SEARCH LLC, a New Jersey limited liability company,<br><br>          Defendants. | Case No. 1:15-CV-00008-CWD<br><br>**MEMORANDUM DECISION AND ORDER** |

# BACKGROUND

Pending before the Court is Plaintiff Eric Clark's motion for post-judgment attorney fees. (Dkt. 165.) On January 18, 2017, the Court entered a judgment awarding $129,576.76 with post-judgment interest to Plaintiffs Eric R. Clark, Attorney at Law, and Clark & Associates, PLLC ("Clark") against Defendants Jeffrey J. Podesta, individually, and as the agent of Street Search, LLC, and Street Search, LLC ("Podesta"). (Dkt. 118.) The judgment was entered pursuant to the parties' Stipulation for Entry of Judgment (Dkt. 117), which expressly stated that each party would "bear their own attorney fees

**MEMORANDUM DECISION AND ORDER – 1**

and costs incurred until entry of judgment." Since that time, the parties have been engaged in post-judgment discovery related to Clark's efforts to collect the judgment.

In addition to post-judgment collection efforts through this Court, Clark filed a collections lawsuit in New Jersey—Podesta's state of residence. Clark hired a New Jersey-based firm on a contingency fee basis. The firm will receive thirty percent of any amount collected from Podesta. If successful in collecting the entire judgment of $129,576.76, the firm's contingency fee would be $38,873.30 plus an additional thirty percent of the accrued post-judgment interest. Clark now demands this sum should be awarded as post-judgment attorney fees. Additionally, Clark asks the Court to award him $68.00 for administrative post-judgment costs. As of the date of this order, the New Jersey action is ongoing.

In support of his motion, Clark cites Section 12-120(5) of the Idaho Code, which provides for an award of post-judgment attorney fees and costs for parties entitled under the code to pre-judgment fees and costs. Clark argues the award of post-judgment fees is not contingent on a party actually being awarded pre-judgment fees—but only that the party was entitled by Idaho law to have received a pre-judgment fee award.

Clark claims he was entitled to receive an award of fees pursuant to Section 12-120(3), which provides an award of fees to prevailing parties in recovery actions related to commercial transactions. Clark asserts that, because the provision of legal services is a commercial transaction, and because he was the prevailing party, even if partially by stipulation, he is entitled to an award of reasonable post-judgment fees and costs.

Podesta challenges Clark's motion on multiple bases. First, he contends the

**MEMORANDUM DECISION AND ORDER – 2**

motion is untimely pursuant to Idaho Rules of Civil Procedure 54(d)(1)(F) and 54(d)(5). Podesta argues Clark was required by Rule 54(d)(5) to bring his motion for post-judgment attorney fees within 14 days after entry of the judgment. Podesta cites *Allison v. Briggs, Inc.*, a 1992 case where the Idaho Supreme Court held that post-judgment attorney fees were not authorized under then Section 12-120(3) of the Idaho Code. 826 P.2d 916 (1992). The court also declined to expand the reading of Rule 54(d)(1)(F) to allow for recovery of post-judgment fees other than those expressly incurred for the service of the writ of execution upon judgment.

Podesta posits, that although the applicable section of the Idaho Code was amended after the *Allison* decision and now clearly allows for post-judgment attorney fees under Section 12-120(5), Idaho Rule of Civil Procedure 54(d)(4) applies—requiring a party seeking post-judgment fees and costs under Section 12-120(5) to file a memorandum of costs within 14 days after the entry of judgment. *Marmor v. Marmor*, 2014 Ida. App. Unpub. LEXIS 271 (Ct. App. 2014).

Second, Podesta argues that Clark has not actually incurred any post-judgment attorney fees at this point in time. The New Jersey firm is working on a contingency basis, and will not be paid until the conclusion of the New Jersey action.

For the reasons that follow, the Court finds that Clark's motion is untimely and will deny it without prejudice.

## DISCUSSION

The Court's subject matter jurisdiction over this case is based in diversity. 28 U.S.C. § 1332. As such, state law is applied to resolve all substantive questions. *Erie R.R.*

**MEMORANDUM DECISION AND ORDER – 3**

*v. Thompkins*, 304 U.S. 64 (1938). Federal law is applied to resolve all procedural questions. *Id*. at 92. The determination of whether to award fees is a substantive question when a state has enacted a statute where the award of fees is tied to the outcome of the case—in other words, where a state statute enables a court to award fees to prevailing parties. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 34, (1991); *See also Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 260 n. 31 (1975).

The determination of whether to award fees is a substantive question in this case. Here, Section 12-120(3) of Idaho Code provides that a court may award fees to prevailing parties to recover for services in any commercial transaction. It reads as follows:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs.

The Idaho Supreme Court confirmed that this subsection "provides for mandatory, not discretionary, award of attorney fees to a prevailing party in commercial litigation." *Fuller v. Wolters*, 119 Idaho 415, 425, 807 P.2d 633, 643 (1991) (citing *Griggs v. Nash*, 775 P.2d 120 (1989)). In *Griggs*, the Idaho Supreme Court noted that Section 12-120(3) provides a substantive, automatic award and such award is in essence "adjunct to the underlying commercial agreement between the parties." 775 P.2d 120, 127. The code defines a "commercial transaction" as "all transactions except transactions for personal or household purposes." The transaction Clark and Podesta entered into was for the

**MEMORANDUM DECISION AND ORDER – 4**

provision of legal services and was a "commercial transaction" covered by Section 12-120(3).

Section 12-120(5) of Idaho Code extends Section 12-120(3)'s mandatory award to post-judgment fees and costs. It reads as follows:

> In all instances where a party is entitled to reasonable attorney's fees and costs under subsection (1), (2), (3) or (4) of this section, such party shall also be entitled to reasonable postjudgment attorney's fees and costs incurred in attempting to collect on the judgment. Such attorney's fees and costs shall be set by the court following the filing of a memorandum of attorney's fees and costs with notice to all parties and hearing.

Notably, Section 12-120(5) applies when, if at the time judgment was entered, the prevailing party would have been entitled to attorney fees under Section 12-120(3). *Magleby v. Gran*, 296 P.3d 400 (2013). In other words, an award for post-judgment costs and fees is mandatory if, at the time of judgment, the prevailing party would have been entitled to pre-judgment attorney fees. *Medical Recovery Services, LLC v. Siler*, 394 P.3d 73 (2017).

Therefore, as Clark correctly asserts, there is no requirement that the prevailing party actually receive an award of pre-judgment attorney fees under Section 12-120(3) to recover post-judgment fees and costs under 12-120(5). Instead, the requirement is that, at the time of judgment, the party seeking post-judgment fees was entitled to receive fees as a "prevailing party" in a civil action related to a commercial transaction.

This conclusion is in line with the Idaho Supreme Court's explanation of the intent of Section 12-120(5): "The statute establishes a policy in favor of compensating a party for reasonable legal expenses incurred in attempts to collect on a judgment when the

**MEMORANDUM DECISION AND ORDER – 5**

party was entitled to attorney fees and costs in obtaining the judgment." *Action Collection Services, Inc. v. Bigham*, 192 P.3d 1110 (2008). "Prevailing party" at a minimum means the party "is one who has been awarded some relief by the court." *P.N. v. Seattle School Dist. No. 1*, 474 F.3d 1165, 1169–70 (9th Cir.2007) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001)); see also *Mihalka v. Shepherd*, 181 P.3d 473, 476–77 (Idaho 2008) (defining prevailing party under I.R.C.P. 54).

Clark alleged three causes of action in his complaint. (Dkt. 1-4). On August 5, 2016, the Court granted Clark's motion for summary judgment as to the third cause of action. (Dkt. 73.) And, as set forth above, on January 18, 2017, the Court entered a Judgment in favor of Clark pursuant to Podesta's consent on the first and second causes of action. (Dkt. 118.) Given this, Clark is the prevailing party, and thus is entitled to an award of reasonable post-judgment attorney fees pursuant to Sections 12-120(3) and (5) of Idaho Code.

However, Podesta asks the Court to apply Idaho Rule of Civil Procedure 54(d)(5)'s 14-day filing requirement to bar Clark's post-judgment motion for attorney fees and costs. Podesta asserts this rule applies to all post-judgment motions for fees and costs, including those made pursuant to Section 12-120(5) for costs incurred in attempting to collect on a judgment. However, as set forth above, federal law applies in diversity actions to resolve procedural questions within the contours of the *Erie* doctrine. Therefore, contrary to Podesta's assertions, the Federal Rules of Civil Procedure apply to

**MEMORANDUM DECISION AND ORDER – 6**

determine questions of timely filing and the procedural standards for making motions for attorney fees—even if the basis for the motion and the award is found in state statute.

The Federal Rules of Civil Procedure provide that a claim for attorney fees must be made by motion, unless substantive law requires the fees to be proved at trial as an element of damages. Fed. R. Civ. Pro. 54(d)(2)(A). Here, the substantive law, Section 12-120 of Idaho Code, does not require the fees to be proved as an element of damages. Thus, the claim by Clark was properly made by motion.

The Federal Rules of Civil procedure further require that, unless an applicable statute or court order provides otherwise, the motion 1) must be filed within 14 days after the entry of judgment, 2) must specify the statue or other grounds entitling the party to award, 3) must state the amount sought or provide a fair estimate, and 4) if the court orders it, must disclose the terms of any fee agreement regarding the services for which the claim is being made. Fed. R. Civ. P. 54(d)(2)(B)(i-iv).

Therefore, as in Idaho Rule of Civil Procedure 54(d)(5), the federal rule requires also that a motion for attorney fees be filed within 14 days of entry of judgment. However, neither rule applies to the applicable statute, Idaho Code Section 12-120(5), which provides for attorney fees incurred *after* the judgment has been entered. This conclusion has foundations in both Idaho state law and federal law jurisprudence interpreting the respective and complimentary14-day post-judgment filing provisions.

For example, in *Marmor*, the Idaho case cited by Podesta, The Idaho Court of Appeals *did* apply Idaho Rule of Civil Procedure 54(d)(5)'s 14-day time bar to a post-judgment motion for fees and costs. However, the context is distinct from the context

**MEMORANDUM DECISION AND ORDER – 7**

before this Court. In *Marmor*, the court entered an order in favor of the award of pre-judgment attorney fees and costs. Post-judgment, and more than 14 days after the entry of that order, the prevailing party filed a memorandum of costs seeking fees and costs incurred to obtain the order for pre-judgment fees and costs. In other words, the court applied the 14-day time-clock from the date the order for fees was issued, not the date of the final judgment. Likewise, federal courts have held that post-judgment motions for attorney fees are timely if, when filed after the judgment has issued, they are filed within 14 days of the post-judgment order to which they relate. *Miltimore Sales, Inc. v. Int'l Rectifier, Inc.*, 412 F.3d 685, 691 (6th Cir. 2005).

The application of the Federal counterpart, Rule 54(d)(2)(b)(i), to motions for fees incurred in attempting to collect a judgment is illogical. In many, if not all cases, a prevailing party will not know legal action to collect on a judgment will be required until well after 14 days have passed from the entry of judgment. Further, it often takes months, if not years, for post-judgment actions to conclude. Until such conclusion, a prevailing party seeking costs pursuant to Section 12-120(5) would not be able to supply a court with the amount sought, or even a fair estimate of it.

Finally, the Federal Rules of Civil procedure allow for statutes to define requirements for the receipt of attorney fees. The Idaho statute at hand states that post-judgment "attorney's fees and costs shall be set by the court following the filing of a memorandum of attorney's fees and costs with notice to all parties and hearing." The statute anticipates that the party seeking fees will be able to set forth, in a memorandum,

**MEMORANDUM DECISION AND ORDER – 8**

the fees and costs it seeks—again, a requirement that is often not contemplated nor can be completed until well after 14 days have passed since the entry of judgment.

This is exactly the situation in this post-judgment action. And it is exactly the reason why Clark's motion for post-judgment fees and costs is untimely.

## CONCLUSION

The Court finds that, under the Federal Rules of Civil Procedure and pursuant to Sections 12-120(3) and (5) of the Idaho Code, Clark, as the prevailing party, is entitled to reasonable post-judgment fees and costs. However, the Court also finds Clark's motion is premature. The post-judgment action has not concluded and the amount of fees and costs that will be incurred by Clark is unascertainable at this point in time. Clark may renew this motion once post-judgment activities have concluded, if he chooses to do so. However, he must file also a memorandum of costs itemizing each claimed expense, including the terms of any agreement about fees for the services for which the claim is being made.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

1) Plaintiff's Motion for Post-Judgment Attorney Fees is **DISMISSED WITHOUT PREJUDICE.**

Dated: **October 26, 2017**

Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER – 9**